UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

      Plaintiff,
v.

DE LEON FAMILY HOLDINGS, INC,
d/b/a El Libanes #2 Supermarket, and
TEVERE APARTMENTS, LLC.

      Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendants, De Leon Family Holdings, Inc, d/b/a El Libanes #2 Supermarket, and Tevere Apartments, LLC, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants, De Leon Family Holdings, Inc, and Tevere Apartments, LLC, are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. § 12102(1)(A)(2), 28 C.F.R. § 36.105(b)(2) and 28 C.F.R. § 36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant, De Leon Family Holdings, Inc, is a Florida for-profit corporation, authorized to do business within the state of Florida, which upon information and belief is the owner and operator of a supermarket business known as "El Libanes #2 Supermarket", located at 6815 W 4th Avenue, Hialeah, Florida 33014, and the subject property to this action, (hereinafter "Operator", "Lessee", or "De Leon Family Holdings").

6. Defendant, Tevere Apartments, LLC, is a Florida limited liability company, which upon information and belief is the owner and operator of the commercial real property identified as Folio: 04-2130-008-0040, with post address of 6815 W 4th Avenue, Hialeah, Florida 33014, and the subject property to this action, (hereinafter "Owner", "Lessor", or "Tevere Apartments").

## FACTS

7. Defendant, De Leon Family Holdings, is the owner and operator of the El Libanes #2 Supermarket, located at 6815 W 4th Avenue, Hialeah, Florida 33014, which is open to the

public and therefore a place of public accommodation, and the subject to this action is also referred hereto as "El Libanes #2 Supermarket" or "Subject Property".

8. At all times material hereto, Defendant, "Tevere Apartments", has been the owner of the commercial property that houses "El Libanes #2 Supermarket", operated by Defendant, "De Leon Family Holdings".

9. As the owner/operator of "El Libanes #2 Supermarket", which is open to the public, Defendant, "De Leon Family Holdings" is defined as a place of "public accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," per 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(2)

10. On October 21, 2024 and November 1, 2024, Plaintiff personally visited "El Libanes #2 Supermarket", but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

11. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of "El Libanes #2 Supermarket" (Defendant, "De Leon Family Holdings"), and by the owner of the commercial property which houses "El Libanes #2 Supermarket" (Defendant, "Tevere Apartments").

12. As the owner and operator of a supermarket. Defendant, "De Leon Family Holdings", is aware of the ADA and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As the owner of commercial property which built out and utilized as a supermarket, an establishment that provides goods/services to the general public, Defendant, "Tevere Apartments", is also defined as a "Public Accommodation" within meaning of Title III: 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

14. As the owner of commercial property, which is built as a public accommodation, Defendant, "Tevere Apartments", is aware of the ADA and the requirement to provide equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize and/or test the "El Libanes #2 Supermarket" operated by Defendant, "De Leon Family Holdings", and located at the commercial property owned by Defendant, "Tevere Apartments", but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

17. All requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

**Gonzalez v. De Leon Family Holdings**
**Complaint for Injunctive Relive**

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the "El Libanes #2 Supermarket" with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

22. Defendants, De Leon Family Holdings, Inc, and Tevere Apartments, LLC, have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the commercial property use as "El Libanes #2 Supermarket".

24. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. Defendant, Tevere Apartments, LLC, owner of the commercial property, which houses Defendant, De Leon Family Holdings, Inc, d/b/a El Libanes #2 Supermarket, are in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants, Defendant, De Leon Family Holdings, Inc, (operator) and Defendant, Tevere Apartments, LLC, (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**<u>Parking Lot & Accessible Route</u>**

i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space

    access aisles are located on a non-compliant slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The parking facility does not provide compliant directional and informational signage to a compliant accessible parking space violating Section 4.6.4 of the ADAAG and Section 216.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The plaintiff had difficulty using the ramp, as the ramp is located on an excessive. Violation: Ramp does not provide the required slope as per Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The plaintiff had difficulty using the ramp, as ramp does not provide handrails Violation: Ramp is missing the handrails on both sides of the ramp, violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff had difficulty travel to the building from the accessible parking space as there are cross slopes in excess of 2% Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. There are accessible parking spaces and access aisles with faded striping that makes it impossible to differentiate the boundaries. The facility fails to maintain the accessible elements that area required to be readily accessible and usable by persons with disabilities, Violating sections 4.6.3, 36.211 of the ADAAG and Sections 502.3, 36.211, whose resolution is readily achievable.

viii. Accessible parking spaces are in a location where users are compelled to walk or wheel behind parked vehicles and spaces. These are violations of the requirements in Sections FBC§11-4.6.2(1) and Florida Code§502.3, whose resolution is readily achievable.

**El Libanes Supermarket Cafeteria**

**Public Restroom**

ix. There are permanently designated interior spaces without proper signage location, Signage is mounted on the door leaf, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The plaintiff could not enter the restroom area without assistance, as the required door clear width is not provided. Violation: Doorway opening does not have the required clear width violating Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. The plaintiff could not enter the restroom without assistance, as the door has non-compliant hardware. Violation: Non-compliant knob-type door hardware, requiring grasping and

|      |      |
|------|------|
|      | turning of the wrist to operate, violating Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable. |
| xii. | The plaintiff could not use the restroom without assistance, as the required clear floor space was not provided due to the dimensions. Violation: Compliant clear floor space is not provided in the restroom, violating Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards. |
| xiii. | The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided. Violation: Restroom internal dimensions do not provide the required accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable. |
| xiv. | The plaintiff could not use the toilet without assistance, as it flush control is mounted on top of the tank. Violation: Water closet flush control is not mounted on the open side of the water closet. Sections 4.16.5 of the ADAAG and Sections 604.6 of the 2010 ADA Standards, whose resolution is readily achievable. |
| xv. | The plaintiff could not transfer to the toilet without assistance, as the side grab bar and the rear grab bar are missing. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable. |
| xvi. | The plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance on the pull side of the door is not provided. Violation: Door does not provide the required maneuvering clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, *whose resolution is readily achievable*. |
| xvii. | The plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable. |
| xviii. | The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable. |
| xix. | The plaintiff could not use the lavatory without assistance, as faucets required tight grasping. Violation: Lavatory knob-type faucet requires pinching and tight grasping to operate. Section 4.19.5 of the ADAAG and Section 606.4 of the 2010 ADA Standards, whose resolution is readily achievable. |
| xx. | The plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance |

      with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

xxi.     The plaintiff could not use the toilet without assistance, as it is mounted outside the required distance from the side wall. Violation: Water closet is mounted in a non-compliant distance from the sidewall. Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xxii.     The plaintiff could not transfer to the toilet without assistance, as the water closet does not have the required height to the top of the seat. Violation: Water closet seat is mounted at a non-compliant height above the finished floor to top. Sections 4.16.3 of the ADAAG and Sections 604.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Access to Goods and Services**

xxiii.     The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

xxiv.     The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

      **WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendants, De Leon Family Holdings, Inc, d/b/a El Libanes #2 Supermarket, and Tevere Apartments, LLC. Defendant, Tevere Apartments, LLC, (owner of the commercial property) and Defendant, De Leon Family Holdings, Inc, (lessee of the commercial property and operator of the El Libanes #2 Supermarket located therein) and requests the following injunctive and declaratory relief:

      a) The Court declare that Defendants have violated the ADA;

      b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

      c) The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and

usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on this November 5, 2024.

By: */s/ Juan Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*